IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| RICHARD HELMS,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>BRADLEY LOGAN, M.D. and<br>UNITED STATES OF AMERICA,<br><br>　　　　　Defendants. | Case No. 3:11-cv-00062-TMB<br><br><br><br>O R D E R<br>Granting Motion to Dismiss |

　　　　Before the Court is Defendant the United States of America with a Motion to Dismiss Without Prejudice at Docket No. 7. Plaintiff Richard Helms filed this medical malpractice suit in state court on August 30, 2010, and filed an administrative claim with the U.S. Department of Health and Human Services on the same day. As the United States notes in its Motion to Dismiss, a litigant bringing a tort suit against the United States under the Federal Tort Claims Act must first exhaust any administrative remedies before bringing suit.[1] The Supreme Court has held that "strict adherence" to this procedure is required.[2]

　　　　Helms makes a short and simple counter argument against dismissal of his ostensibly premature claim. He points out that "[t]he failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be

---

[1] *McNeil v. U.S.*, 508 U.S. 106 (1993).

[2] *McNeil* at 113 (citing *Mohasco Corp. v. Silver*, 447 U.S. 807, 826 (1980)).

1

deemed a final denial of the claim for purposes" of the FTCA.[3] He notes that no action was taken within six months of the filing of his administrative, claim, so the claim is now deemed denied. Thus, dismissal of his claim against the United States would be an unnecessary formality, as he could immediately file suit again under the FTCA.

The Supreme Court has specifically held that relevant date for determining the prematurity of a suit under the FTCA is the date the suit was filed, and that an agency's subsequent rejection of an administrative claim does not remedy the untimeliness of a premature complaint.[4] Helms's Complaint was premature on the date it was filed, which is the only relevant date under the FTCA. The Court cannot exercise jurisdiction over Helms' claims in the absence of a waiver of sovereign immunity under the FTCA.[5] Thus, even if this dismissal will not have any substantive effect on the ultimate disposition of Helms's claims, the Court must dismiss the case as jurisdictionally barred. For the foregoing reasons, the United States' Motion to Dismiss Without Prejudice at Docket No. 7 is **GRANTED**, and Helms' Motion for Leave to File Amended Complaint at Docket No. 12 is **DENIED AS MOOT**.


Dated at Anchorage, Alaska, this 8th day of June, 2011.

/s/ Timothy Burgess
TIMOTHY M. BURGESS
UNITED STATES DISTRICT JUDGE

---

[3] 28 U.S.C. § 2675(a).

[4] *McNeil* at 111-12.

[5] *Powelson v. U.S.*, 150 F.3d 1103. 1104 (9th Cir. 1998) ("'[s]overeign immunity is not merely a defense to an action against the United States, but a jurisdictional bar.'") (quoting 16 James Wm. Moore et al., Moore's Federal Practice ¶ 105.21 (3rd ed.1998)).